ST. PAUL, J.
 

 Under Act No. 15 of 1915 (Ex. Sess.) a board of civil service commissioners was created for the purpose of examining and certifying applicants for positions in such warehouses and other structures in aid of commerce as may be erected and operated by the board of commissioners of the port of New Orleans under article 322 of the Constitution of 1913 (with some exceptions). And section 5 of said act provides that “all persons appointed or employed in said warehouses and other structures as a result of said examination * * * shall hold their offices or employment during their good behavior, and shall only be removed on charges preferred against them to said Board of Commissioners, and which shall be prbven contradictorily against them to the satisfaction of said Board.”
 

 Relator alleges that he was employed by said board in 1909 and has been constantly in its employ ever since. He further alleges, in effect, that said board has practically disregarded said act of 1915 from the beginning, and that he himself has never taken any examination before said board of examiners, but had presumed that his employment for six years before the passage of the act of 1915, and for fifteen years thereafter, had achieved the status contemplated by said act and been recognized as a practical examination within the meaning of said act.
 

 He further alleges that in 1923 the general manager of the board of commissioners had recommended, at the suggestion of said board of examiners, that all employees then in position should be regarded as having been given a practical examination and confirmed in the civil service. It is not alleged, however, that the board of commissioners ever approved said recommendation.
 

 He further alleges that lately he had been discharged by said board of commissioners without charges preferred against him and without reason; and he prays for judgment reinstating him in his position and allowing him hack salary until reinstated.
 

 The trial judge thought, and so do we, that the petition disclosed no cause of action.
 

 We are not concerned with whether the board of commissioners did or did not disregard the provisions of the act of 1915 in the matter of making appointments. The only question before us is whether or not the relator comes within the provisions of' the act which forbid the discharge of employees who have been appointed “as á result of said examination.” And manifestly relator does not. For the act contains no provision securing the positions of those employed at the time of its passage, but on the contrary does provide (in section 4) that all persons other than those appointed on the recommendation of said board of examiners may be removed by and at the pleasure of the board of commissioners.
 

 Nor do we see wherein the board of commissioners is estopped in any way from denying that relator comes within the provisions of the act of 1915. In the first place it is not alleged that they approved the recommendation of the general manager in 1923. But even if they had, that would be only an expression
 
 *693
 
 of policy which might or might not be followed hy their successors in office, but certainly could not bind them. For the effect thereof would not have been to change the law; which law protected only those who had received their appointment as the result of an examination.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.